Nancy C. VILDIBILL, as Personal Representative of the Estate of Steven Allen Paul, deceased, Plaintiff-Appellant,

v.

Eddie JOHNSON, AAA Cooper Transportation, Inc., and Transport Insurance Co., Defendants-Appellees.

No. 84–3630.

United States Court of Appeals, Eleventh Circuit.

July 22, 1985.

Todd R. Stern, Antinori & Thury, Paul Antinori, Jr., Tampa, Fla., for plaintiff-appellant.

Gwynne Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for defendants-appellees.

Before VANCE and HATCHETT, Circuit Judges, and LYNNE *, District Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF FLORIDA:

This case comes to the United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Middle District of Florida, Tampa Division.

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Florida law which is determinative of the cause, but which is unanswered by controlling precedent of the Supreme Court of Florida. We, therefore, certify the question to the Supreme Court of Florida for resolution.

The facts of the case are as follows:

On January 26, 1982, Steven Allen Paul was killed instantly when his automobile collided with a Mack tractor driven by appellee, Eddie Johnson, and owned by appellee, AAA Cooper Transportation, Inc. (AAA). At the time of his death, Paul was 25 years of age and unmarried. Paul left no survivors dependent upon him for support or services, or otherwise entitled to recover damages for his death under Florida's Wrongful Death Act, Fla.Stat.Ann. §§ 768.16–768.27 (West Supp.1985). Paul is, however, survived by his natural mother, Nancy C. Vildibill, and his natural father, Charles Eugene Paul, Sr.

As personal representative of Paul's estate, Vildibill brought this wrongful death action seeking recovery of the estate's loss of prospective net accumulations under Fla. Stat.Ann. § 768.21(6)(a).**

Section 768.21(6)(a) provides:

(6) The decedent's personal representative may recover for the decedent's estate the following:

(a) Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. Loss of the prospective net accumulations of an estate, which might reasonably have been expected but for the wrongful death, reduced to present money value, may also be recovered:

(1) If the decedent's survivors include a surviving spouse or lineal descendants; or

(2) If the decedent is not a minor child as defined in s. 768.18(2) and does not have survivors as defined in s. 768.18(1).

Vildibill contends that the state of Florida did not intend to preclude recovery under section 768.21(6)(a) in a case such as this. She asserts that the state's intent in amending section 768.21(6)(a) to include subsection (2) was to permit the estate of a deceased adult to recover damages so long as there were no survivors who would be entitled to recover damages in their own right.

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

** Vildibill filed the action against appellees, Johnson, AAA, and Transport Insurance Co. in state court on January 10, 1983. Upon the appellees' request, the state court action was removed to the federal district court.

Paul is survived only by his parents, neither of whom was dependent upon him for support or services, or is otherwise entitled to recover damages in their own right for his death.

We believe that the issue of whether the reference in section 768.21(6)(a)(2) to "survivors" means only "survivors" who were dependent upon the decedent, is appropriate for resolution by the highest court of the state of Florida. We, therefore, certify to the Supreme Court of Florida the following question:

Whether an adult decedent's estate may recover loss of net accumulations where the decedent is survived only by parents who were not dependent upon him for support or services, and who are not otherwise entitled to recover damages for his death in their own right.

We do not intend the particular phrasing of this question to limit the Supreme Court of Florida in its consideration of the problems posed by the entire case. In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Florida.